### Craig S. ROBLEDO, Petitioner— Appellant,

v.

### S. JONES (Centennial CF); The Attorney General of the State of Colorado, Respondents—Appellees.

#### No. 11–1556.

United States Court of Appeals, Tenth Circuit.

April 19, 2012.

Craig S. Robledo, Canon City, CO, pro se.

Melissa Dick Allen, Office of the Attorney General for the State of Colorado, Denver, CO, for Respondents–Appellees.

Before KELLY, TYMKOVICH, and GORSUCH, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

PAUL KELLY, JR., Circuit Judge.

Craig Robledo, a state inmate appearing pro se, seeks a certificate of appealability ("COA") so that he may appeal from the district court's denial of his 28 U.S.C. § 2254 petition. Finding that he has not made "a substantial showing of the denial

---

of a constitutional right," 28 U.S.C. § 2253(c), we deny Mr. Robledo's request for a COA and dismiss this appeal.

Mr. Robledo was sentenced to a three-year term of incarceration on March 30, 2009, and did not appeal his conviction or sentence. *Robledo v. Jones*, No. 11–cv–2130–BNB, 2011 WL 5910411, at *1 (D.Colo. Nov.28, 2011). He filed various motions for Colorado post-conviction relief between December 2009 and July 2011, but did not appeal from the denial of any of those motions. *Id.* at *1–*2. Instead, he filed a petition for federal habeas relief in August 2011. *Id.* at *2.

The district court was unable to determine, based upon the showing by Respondents, whether the petition was time-barred. 28 U.S.C. § 2244(d). Instead, it denied Mr. Robledo's petition for failure to exhaust state remedies by properly presenting his claims to state appellate courts and failure to demonstrate cause for his procedural default. *Robledo*, 2011 WL 5910411 at *3–*4. Given that the district court rejected his petition on procedural grounds, Mr. Robledo must demonstrate "that jurists of reason would find it debatable whether [ (1) ] the petition states a valid claim of the denial of a constitutional right and ... [ (2) ] the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

The district court's procedural ruling is not debatable. Mr. Robledo did not present his state post-conviction claims to state appellate courts, as required by § 2254(b)(1)(A). *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir.2011). Furthermore, Mr. Robledo has not challenged the district court's procedural conclusion with any argument relating to cause and prejudice or a fundamental miscarriage of

justice. *See Coronado v. Ward*, 517 F.3d 1212, 1215–16 (10th Cir.2008). We need not address whether the petition states a valid claim of the denial of a constitutional right.

We therefore DENY Mr. Robledo's request for a COA, DENY IFP status, and dismiss this appeal.